## Stouffer v. Gephart et al.

*McCrea & McCrea,* for plaintiff.
*Faller & Faller,* for defendant.
*Frederick J. Templeton,* for additional defendant.

SHEELY, P. J., July 8, 1947.—Plaintiff brought this action of trespass against defendant seeking to recover for personal injuries and property damage arising from an automobile accident alleged to have been caused by the negligence of defendant David Gephart. Defendant filed a præcipe and a complaint in which he alleged that the accident, and the damage resulting therefrom, was caused solely by the negligence of H. B. McKeehan and John K. Wynkoop who were joined as additional defendants. In his complaint original defendant also alleged that his automobile was damaged as a result of the accident and he claimed the sum of $350 from additional defendants therefor. Additional defendants have filed preliminary objections in which they contend (1) that original defendant may not maintain a claim for his damages against additional defendants in this action; and (2) that plaintiff claimed the sum of $1,010.50 for personal injuries, and that since the accident occurred on February 17, 1945, and additional defendants were not joined until March 1947, by pleadings which averred sole liability, this portion of the action is barred by the statute of limitations.

Under Pa. R. C. P. 2252(a) defendant or any additional defendant may file as of course a præcipe for a writ to join as an additional defendant any person not a party to the action who may be alone liable, or liable over to him on the cause of action declared upon, or jointly or severally liable thereon with him. The "cause of action declared upon" is necessarily the cause of action of plaintiff because plaintiff is the only one who has declared.

Pa. R. C. P. 2252(b) provides that defendant shall file with the præcipe a complaint, in the manner and form required of the initial pleading of plaintiff in the action, setting forth the facts relied upon to establish the liability of additional defendant and the relief demanded. This section merely prescribes the proce-

dure by which additional defendant is joined. It does not purport to extend the scope of the joinder provided for in Pa. R. C. P. 2252(a). The requirement that the complaint set forth the relief demanded refers only to the relief demanded of additional defendant as to the claim of plaintiff, i. e., whether it be a judgment over or a judgment in favor of plaintiff.

Pa. R. C. P. 2255(a) provides that the procedure, including pleadings, between the party joining an additional defendant and additional defendant shall be the same as though the party joining additional defendant were a plaintiff and additional defendant were a defendant. It is on this rule that original defendant attempts to justify his independent claim against additional defendant. He contends that since the procedure shall be the same as though he were a plaintiff and additional defendant were a defendant he should be permitted to assert an independent claim against additional defendant. This rule does not provide for an independent claim. Original defendant, by bringing in additional defendant, becomes, as to him, a plaintiff. That is, he is the one who asserts the liability of additional defendant and has the burden of sustaining that claim. The liability which he asserts, however, is the liability of additional defendant to plaintiff or the liability over to original defendant "on the cause of action declared upon" by plaintiff. (Pa. R. C. P. 2252.) To say that this rule permits an independent claim is to read into the rule that which is not there.

That the rules do not contemplate an independent claim by original defendant against additional defendant is evident in Pa. R. C. P. 2255(d) which provides that plaintiff shall recover judgment from an additional defendant found liable to him alone or jointly with defendant as though such additional defendant had been joined as a defendant and duly served and the initial pleading had averred such liability. In Goodrich-Amram, 2255(d)-10 it is said:

"Is this 'plaintiff' confined to the original plaintiff commencing the action or does it include other parties asserting claims? . . . The rule specifies 'the plaintiff' and there is nothing to indicate that this should not be given the meaning of the party who is in fact the plaintiff, as distinguished from a party who for some purposes is in the position of a plaintiff. It should therefore be held that only the original plaintiff in the action may claim the benefit of Rule 2255(d)."

Defendant relies largely upon Atkinson v. McClain, 35 D. & C. 49 (1939) and Gannon et al. v. Savar et al., 33 D. & C. 499 (1938). The Atkinson case, following the Gannon case, specifically decided that under the amendment of June 25, 1937, P. L. 2118, to the Scire Facias Act of April 10, 1929, P. L. 479, original defendant could join an additional defendant to plaintiff's action, and, at the same time, assert an independent claim against him arising from the same set of facts. That decision was based upon the language contained in the 1937 amendment. Goodrich-Amram, section 2252(a)-4 states:

"The new rules make little change in the prior practice so far as concerns the parties who may be joined. The language of Rule 2252(a) is an almost verbatim restatement of the Sci. Fa. Act of 1929, as amended in 1931, and of the former Rule 2252(a). The Act of 1937, which, in very ambiguous language, broadened the scope of the Act, is specifically suspended. Decisions under the statutes, except the Act of 1937, and decisions under the former Rule, are therefore good authority under the new rules."

Thus, the language of the Act of 1937, upon which the Atkinson case depended, has not been included in the new rules, and the Act of 1937 itself has been suspended. The Atkinson case cannot, therefore, now be relied upon. The very fact that the broad language of the amendment of 1937 was not included in the new rules may be interpreted as indicating an intent to

limit the scope of the new rules by not permitting an independent claim by the original defendant against the additional defendant.

The conclusion which we reach follows the conclusion reached by Judge Reese in Bigler, admx., v. Perry et al., 55 D. & C. 544 (1945) wherein additional defendant sought to assert a counterclaim against original defendant. In Judge Reese's opinion he held that this could not be done and made the following statement which is applicable to the present case:

"If it had been the intention that the current rules on the subject would permit an additional defendant to file a counterclaim against original defendant, it would have been very easy to have the rules expressly so provide. . . . The whole purpose of joining additional defendants is to determine the ultimate liability for plaintiff's claim, whether either or both defendants are liable or whether one is liable over to the other for plaintiff's claim. A counterclaim by additional defendant against original defendant has no bearing whatever upon the liability of defendants, or either of them, to plaintiff, nor does it relate to any liability over with respect to plaintiff's claim. Certainly there is nothing in the rules which would permit original defendant to assert a claim for his damages against additional defendant. If original defendant cannot do so, additional defendant should not be able to assert a claim for his damages against original defendant. If the latter cannot assert a claim for his damages against additional defendant, it would be a misnomer to say that the additional defendant has a counterclaim against original defendant. If an original defendant has a claim for damages against an additional defendant, he must assert it in an independent action."

Likewise, our conclusion is in accord with the conclusion reached by Judge Wright in Kaszalowicz v. Mowry et al., 47 D. & C. 122 (1943) wherein he held that an additional defendant in an action of trespass

could not counterclaim for his damages against original defendant for the reason that under the rules original defendant cannot assert any claim for his damages against additional defendant. Likewise, in Goodrich-Amram, 2255(b)-1 it is stated: ". . . the new rules also permit the additional defendant to file a counterclaim against the plaintiff but he cannot file a counterclaim against any other party nor may he file any other pleading against the plaintiff or any other party."

For the reasons stated the preliminary objections must be sustained as to that portion of the complaint of original defendant which seeks to assert an independent claim against additional defendant.

Additional defendants further contend that since plaintiff's claim against them for personal injuries is barred by the statute of limitations and the allegation of the complaint is that they are solely liable to plaintiff, they should not be required to answer this portion of the claim. Under Pa. R. C. P. 2252(b) defendant is required to set forth in his complaint the facts relied upon to establish the liability of additional defendant. It is common practice to conclude the complaint with a conclusion stating the theory or basis of additional defendant's liability, but such averment is a conclusion of law and is merely surplusage. It is the pleaded facts which govern: Goodrich-Amram, 2252(b)-3. Examining the complaint in the light of this rule, it is clear that the facts alleged are sufficient to establish a joint and several liability of additional defendants with the original defendant. That being true we will not consider additional defendant's contention on this ground at this time, but will leave it for consideration at the trial: See Goodrich-Amram, 2252(a)-9.

And now, July 8, 1947, the preliminary objections of additional defendants are sustained insofar as applies to the independent claim of the original defendant against additional defendants and that portion of the complaint of original defendant is stricken from the record.